UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY HUMRICHOUSER, et al., | ) | CASE NO. 5:11CV1449 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is a motion to dismiss filed by defendant City of Orrville ("Orrville" or "City") (Doc. No. 7), plaintiff's memorandum in opposition (Doc. No. 9), and Orrville's reply (Doc. No. 11). For the reasons discussed below, the motion is **GRANTED**.

## I. FACTUAL BACKGROUND

On July 15, 2011, plaintiffs Shirley ("Mrs. Humrichouser") and Harold Humrichouser ("Mr. Humrichouser") filed a complaint against Orrville and the United States. (Doc. No. 1.) Although the complaint fails to allege any basis for jurisdiction in this Court, presumably it is based on the fact that the United States is a party defendant. 28 U.S.C. 1346(b)(1).

All the following facts are alleged in the complaint and are taken as true for purposes of the motion to dismiss.

The United States was "the owner, operator and/or manager of the United States Post Office located at 145 North Vine Street in the City of Orville [sic], State of Ohio." (Compl.

¶ 1.)[1] Orrville "owned the land surrounding [the Post Office]." (*Id.* ¶ 2.) "On or about November 23, 2009 Plaintiff Shirley Humrichouser was an invitee at said Post Office and was at all times exercising due care while walking on the walkways surrounding the Post Office." (*Id.* ¶ 3.) Defendants "were negligent in allowing a latent, unsafe and dangerous condition to exist on the property, i.e. a deteriorating and defective sidewalk." (*Id.* ¶ 4.) Mrs. Humrichouser "was caused to trip and fall and suffer injuries . . . ." (*Id.* ¶ 5.)

The complaint sets forth a negligence claim in Count One on behalf of Mrs. Humrichouser and a loss of consortium claim in Count Two on behalf of her husband, Mr. Humrichouser. It seeks compensatory damages on both counts.

## II. DISCUSSION

**A.      Standard on a Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

---

[1] The complaint consistently misspells the City's name. However, to avoid having to note the error each time, the Court will uniformly correct the spelling from here on in this opinion.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570 ). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

**B.**     **Analysis**

Typically, under Ohio law, political subdivisions are immune from liability incurred in performing either a governmental or proprietary function, Ohio Rev. Code § 2744.02(A)(1),[2] unless one of five statutory exceptions to immunity applies, Ohio Rev. Code § 2744.01(B).[3] *Colbert v. City of Cleveland*, 99 Ohio St. 3d 215, 216 (2003); *Cater v. City of Cleveland*, 83 Ohio St. 3d 24, 28 (1998).

Orrville argues that this action arises out of the maintenance and repair of sidewalks, which is a governmental function, Ohio Rev. Code § 2744.01(C)(2)(e),[4] and, as Orrville is immune from liability arising out of the performance of a governmental function, it is immune from plaintiffs' lawsuit. Plaintiffs concede this point and state that the relevant point of analysis is whether any of the five exceptions to immunity apply. *See* Doc. No. 9 at 3.

---

[2] Ohio Rev. Code § 2744.02(A)(1) provides: "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

[3] If one of the exceptions does apply, the court must then determine whether any of the statutory defenses require reinstatement of immunity. The statutory defenses are not at issue here.

[4] Section 2744.01(C)(2)(e) provides that "[a] 'governmental function' includes . . . [t]he regulation of the use of, and the maintenance and repair of . . . sidewalks . . . and public grounds[.]"

Since this case involves a slip-and-fall injury on the sidewalk outside a post office in Orrville, the only exception that could arguably apply is the one set forth in § 2744.02(B)(4): "political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function[.]"

Orrville argues in its motion that the complaint sets forth no allegations that relate to any of the five exceptions to general political subdivision immunity. It specifically argues that, although the complaint arguably alleges an injury due to a physical defect on the grounds of a building used for a governmental function, that exception does not apply because the post office services are not a "governmental function" as the Ohio Revised Code defines that term.

In opposition, plaintiffs argue that Orrville's motion asks this Court to assume facts not presently before the Court, namely, that Orrville is not involved in any of the day-to-day operations at the location where Mrs. Humrichouser fell. As a result, plaintiffs assert that, until discovery is complete, Orrville's motion is premature and should be denied for that reason. In the alternative, although plaintiffs concede that Orrville is a political subdivision generally enjoying immunity from liability, they assert that the exception in § 2744.02(B)(4) applies to eliminate Orrville's immunity because "[Ohio Rev. Code §] 2744.01(C)(2) identifies a non-exclusive list of governmental functions, every single one of which involves the federal post office." (Doc. No. 9, at 4.) They argue:

> There is not a single governmental function identified in [Ohio Rev. Code §] 2744.01(C)(2) that does not involve use of the U.S. postal service in same [sic] capacity, from mailing taxes, to school report cards, to City EMS bills to sending notices of municipal court hearings. In fact, it is difficult to imagine a building

>that is more integral to a political subdivision's performance of its governmental function than a U.S. post office.

(*Id*.). Therefore, in plaintiffs' view, the United States post office is "a building used in connection with the performance of a governmental function." (*Id*. at 5.) Since Mrs. Humrichouser's injury was "due to physical defects . . . on the grounds of" such a building, plaintiffs argue that there is an exception to political subdivision liability.

Orrville, in reply, argues that it has not assumed facts not in evidence. Rather, it has simply pointed out that the complaint fails to allege any involvement by Orrville in the day-to-day maintenance and/or operations of the post office where Mrs. Humrichouser fell and sustained injury. It further asserts that deciding whether the post office is "a building used in connection with the performance of a governmental function" is a question of law not dependent upon the existence of facts or lack thereof. Orrville emphasizes that the federal statutes creating and enabling the U.S. Post Office establish it as an independent entity under the executive branch of the U.S. government, providing services solely under the auspices of the U.S. government.

Ohio Rev. Code § 2744.01(C)(1) defines "governmental function" as "a function of a political subdivision that is specified in division (C)(2) of this section . . . ." Division (C)(2) of the statute does not list anything relating to the operation of a post office or providing postal services. In addition, the services of the post office are not performed by a "political subdivision," defined in § 2744.01(F) as "a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." The federal government is not a "political subdivision."

Although plaintiffs concede that Orrville is a political subdivision, that the federal government is not a political subdivision, and that the federal government operates the post office, they still argue that, because Orrville *uses the post office* to mail documents related to its own governmental functions, the requirement of "used in connection with the performance of a governmental function" is satisfied. The Court finds this argument entirely too broad as there is hardly any limit to its reach. An exception to liability must be narrowly construed. *See Wall v. City of Cincinnati*, 150 Ohio St. 411, 416 (1948) ("the duties and obligations . . . are in derogation of the common law and must therefore be strictly construed . . .") (quoting *City of Wooster v. Arbenz*, 116 Ohio St. 281 (1927), Syllabus ¶ 3).

Plaintiffs have not pointed to (and the Court has not found) a single case of injury on the grounds of a building wherein federal governmental services were being performed where a municipality has been held liable under the exception to political subdivision immunity. In a somewhat analogous case, the First District Court of Appeals of Ohio declined to extend the exception. In *Dornal v. Cincinnati Metro. Housing Auth.*, No. C-100172, 2010 WL 5275240 (Ohio Ct. App. Dec. 17, 2010), a parent who participated in a federally-subsidized housing program and rented her home from a private landlord sued the metropolitan housing authority (who administered the subsidy program) alleging that its negligence had caused her son to suffer lead poisoning as a result of lead contamination in the private home. The court of appeals concluded that "R.C. 2744.02(B)(4) reflects a legislative intent to restrict a political subdivision's liability to losses or injuries that occur in government buildings or on their grounds." *Id*. at * 3. The fact that the premises was privately owned precluded liability and prevented application of the statutory exception to the general grant of immunity.

Here, the injury occurred on the grounds of a building where a *federal* governmental function was being performed. Plaintiffs allege in their complaint at paragraph 2 that Orrville owns the land surrounding the building. However, the statute does not permit an exception to liability based on *ownership*. Rather, the statute's language grants immunity for injuries occurring in or around buildings connected to the performance of a political subdivision's governmental function. The post office is not a governmental function of a political subdivision. Accordingly, the exception to the grant of immunity does not apply.

### III. CONCLUSION

For the reasons discussed above, Orrville's motion to dismiss (Doc. No. 7) is **GRANTED**. This case shall proceed only against defendant United States of America.

**IT IS SO ORDERED**.

Dated: August 27, 2012

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**